**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **Renee Scatton,** | : |
| | : |
| **Plaintiff,** | : **Civil Action No.: _____** |
| **v.** | : |
| | : |
| **Schreiber/Cohen, LLC; and Calvary SPV** | : **COMPLAINT** |
| **I, LLC,** | : |
| | : |
| **Defendants.** | : **June 27, 2016** |
| | : |
| | : |

For this Complaint, the Plaintiff, Renee Scatton, by undersigned counsel, states as follows:

<u>JURISDICTION</u>

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

<u>PARTIES</u>

4.      The Plaintiff, Renee Scatton ("Plaintiff"), is an adult individual residing inWallingford, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Schreiber/Cohen, LLC ("S/C"), is a business entity with an address of 53 Stiles Road, Suite A-102, Salem, NH 03079, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Defendant Cavalry SPV I, LLC ("Cavalry," and together with S/C, the "Defendants"), is a business entity with an address of 500 Summit Lake Drive, Valhalla, New York 10595, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.      The Debt was purchased, assigned or transferred to Defendants for collection, or Defendants were employed by the Creditor to collect the Debt.

10.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Defendants Engage in Harassment and Abusive Tactics

11.     Within the last year, Defendants contacted the Plaintiff in an attempt to collect the Debt.

12.     On or about April 19, 2016, S/C filed a lawsuit against Plaintiff on behalf of Cavalry in Connecticut Superior Court, New Haven Judicial District, in an attempt to collect the Debt.

13.     However, at the time that Defendants filed the lawsuit against Plaintiff, Connecticut's six-year statute of limitationsto collect the Debt had already expired pursuant to C.G.S. § 52-576.

14.     Additionally, on the same day that Defendants filed a lawsuit against Plaintiff, S/C mailed Plaintiff a letter dated April 19, 2016 (the "Letter").

15.     The entire body of the Letter reads as follows:

Enclosed is a Writ and Complaint for a debt incurred and unpaid. Also see the included evidence, information and other documents that we will present at the court hearing.  You will receive correspondence directly from the court regarding the date and time of the hearing.  There is still time to settle this matter and avoid further litigation.  If you would like to make arrangements, please call us at 800-423-8142.

16.     Despite the fact that a lawsuit had already been filed as of the date of the Letter, the Letter is ambiguous as to whether Plaintiff was required to (or had the right to) take any affirmative actions in response to the lawsuit filed against her, such as filing an Answer or other responsive pleading.

17.     Indeed, the Letter references a "hearing" at some point in the future and notes that Plaintiff "will receive correspondence directly from the court regarding the date and time of the hearing."

18.     The only instructions in the Letter to the Plaintiff is S/C's request that Plaintiff call C/S to "make arrangements."

19.     Accordingly, upon receiving the Letter, the least sophisticated consumer could reasonably believe that no further action is required until they receive correspondence from the court regarding the aforementioned "hearing."

20.     Likewise, the least sophisticated consumer would not realize upon receiving the Letter (1) that they have a right to file a responsive pleading or motion in response to the Complaint; and (2) if they fail to file a responsive pleading, Defendants could obtain a default judgment against them.

21.     Further, the face of the Letter does not advise Plaintiff that unless she disputes the validity of the Debt within the following thirty days, the Debt will be assumed to be valid; and that if Plaintiff disputes the validity of the Debt within thirty days, Defendants will obtain and mail to Plaintiff verification of the debt or a copy of a judgment against Plaintiff, as required under 15 U.S.C. §1692g.

22.     Rather, S/C made the above disclosure on a completely separate page despite there being ample room on the face of the Letter for the above disclosure.

23.     When drafting its Letter to Plaintiff, S/C deliberately obscured the 1692g disclosure from Plaintiff.

C. <u>Plaintiff Suffered Actual Damages</u>

24.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

4

26.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA15 U.S.C. § 1692, et seq.

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692e(15) in that Defendants falsely informed the Plaintiff that no action was necessary when the Plaintiff had received legal process.

32.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

34.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

35.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor.

36.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37.     The Plaintiff is entitled to damages as a result of Defendants' violations.

<u>COUNT II</u>

<u>VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,</u>

<u>Conn. Gen. Stat. § 42-110a, et seq.</u>

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The Defendantsareeach individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

40.     The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

41.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:**

1. **Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;**

2. **Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;**

3. **Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;**

4. **Actual damages pursuant to Conn. Gen. Stat. § 42-110g;**

5. **Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;**

6. **Punitive damages; and**

7. **Such other and further relief as may be just and proper.**

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: June 27, 2016**

**Respectfully submitted,**

**By   /s/ Sergei Lemberg**

**Sergei Lemberg, Esq.**
**LEMBERG LAW, L.L.C.**
**43 Danbury Road, 3rd Floor**
**Wilton, CT 06897**

7

**Telephone: (203) 653-2250**
**Facsimile:  (203) 653-3424**
**Attorney for Plaintiff**